## SCHWAB et al. v. APSTEIN.

### (Circuit Court, D. Connecticut. January 8, 1909.)

### No. 1,240.

PATENTS (§ 328*)—INVENTION—PUNCTURE-CLOSERS FOR PNEUMATIC TIRES.

The Glidden patent, No. 602,743, and the Sampson patent, No. 632,540, each for a device for closing punctures in pneumatic tires, disclose invention, are valid, and entitled to a fairly liberal construction. As so construed, both *held* infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. On final hearing.

Andrew Wilson and Archibald Cox, for complainants.
Charles H. Wilson, for defendant.

PLATT, District Judge. This is a suit based upon two patents, viz., Glidden, No. 602,743, for "device for closing punctures in pneumatic tires," and Sampson, No. 632,540 for "puncture-closer for pneumatic tires."

The inventions of these patents are capable of conjoint use, and were in fact so used. The claims at issue are 1, 2, 4, 5, and 10 of Glidden. and 1 and 2 of Sampson:

"Glidden:

"1. A puncture-closer for tubing, comprising a shank, a head hinged thereon, and a co-operating retaining-cap, substantially as described.

"2. A puncture-closer for tubing, comprising a threaded shank, a head hinged thereon, and having a concave back, and a retaining-cap threaded to engage the shank, substantially as described."

"4. A puncture-closer for tubing. comprising a shank, a head hinged thereon, and a co-operating retaining-cap constructed and arranged to be engaged and held by the material of the tube, substantially as described.

"5. A puncture-closer for tubing, comprising a threaded shank to extend through the material of the tube, a thin, substantially concave-convex head hinged to the inner end of the shank, and a retaining-cap adapted to be screwed onto the shank, to clamp the tube between the head and cap, substantially as described."

"10. A puncture-closer for tubing, comprising a metallic head, a threaded metal shank with which it is pivotally connected, whereby the head can be turned up against the shank, and a cap adapted to be screwed onto the shank and bear against the exterior of the tube, substantially as described."

"Sampson:

"1. A puncture-closer for tubing comprising a shank; a head; a universal joint for connecting said head to said shank, said head having a slot extending from said universal joint and of sufficient width to accommodate said shank; and a co-operating retaining-cap, substantially as described.

"2. A puncture-closer for tubing, consisting of the threaded shank, b, with its upper end offset to form a temporary handle and having a ball, e, formed upon its lower end; the head, a, formed with a socket to receive and loosely retain said ball; and the slot, j, narrower than the ball, e, and of sufficient width to accommodate the shank b; and the co-operating retaining-cap with serrated undersurface substantially as described."

In advance of the few words which will bear directly upon the case, let me say that the whole matter has received unusual attention, because of the position in which I found the parties at the hearing.

Two attorneys held in high esteem by the court have in turn abandoned the defendant. After many delays I felt that my duty to the complainant made it necessary to fix a not too distant date for the arguments, and when the appointed day came I found a new attorney in charge of defendant's interests. He proved himself to be thoroughly competent, but was naturally somewhat handicapped by his late introduction into the merits of the controversy. For these reasons I have considered it my duty to move with exceeding care, and the defendant must not think, because my comments are brief, that my final conclusion is not based upon an exhaustive examination.

Much ground is covered by the proofs; but, as I view the matter, the case must turn in the end upon the construction which shall be placed upon the claims of the patents in suit.

Complainant insists that the closing of punctures in pneumatic tires, and the like, is a new art which of necessity has sprung up within a few years, because the pneumatic tire itself is a fairly new device which, by reason of its peculiar construction and the uses to which it is put, presented a new problem to those who were thinking about a way to repair the punctures to which it is so incessantly subject. The defendant, on the other hand, scoffs at such ideas and claims that the patents in suit and the limited few bearing upon the same subject, of which the defendant owns one of later issue, all relate to a general art, which he calls the "art of closing holes," and strenuously insists that any device which is intended to be used to close a hole and stop a leak is an obvious reference when one puts his mind upon the question of caring for the punctures and leaks in pneumatic tires.

The latter line of argument is not persuasive, and, in truth, the more it is examined, the less it satisfies. Assuming, then, as I am compelled to do, that the appearance of the pneumatic tires offered a new problem to inventors, it is plain that the meager efforts to care for punctures which preceded Glidden left him a wide field to work in, and that Sampson put the finishing touch to Glidden's disclosures, so that the combined efforts of those two inventors gave to the world an invention of merit. They are entitled to such a measure of liberality as will protect them from palpable invasion. These premises having been granted, our troubles are over.

All talk about reading the patents on prior devices in the art of stopping holes, and about the patents in suit and the defendant's reissued patent being for minor and subsidiary improvements in that art, leading out in different directions, the one from a metal plug pure and simple, and the other from a rubber plug pure and simple, becomes idle and visionary. Defendant's attempt to show that he was the prior inventor resulted in a most lamentable fiasco which needs no comment.

The claims in suit are valid, entitled to a reasonably liberal construction, and are infringed.

Let the usual decree be entered.